[Cite as *State v. Hall*, 2024-Ohio-2270.]

## COURT OF APPEALS OF OHIO

## EIGHTH APPELLATE DISTRICT
## COUNTY OF CUYAHOGA

| | | |
|---|---|---|
| STATE OF OHIO, | : | |
| Plaintiff-Appellee, | : | No. 113423 |
| v. | : | |
| HENRY HALL, | : | |
| Defendant-Appellant. | : | |

JOURNAL ENTRY AND OPINION

**JUDGMENT:** AFFIRMED
**RELEASED AND JOURNALIZED:** June 13, 2024

Criminal Appeal from the Cuyahoga County Court of Common Pleas
Case No. CR-22-671778-A

### *Appearances:*

Michael C. O'Malley, Cuyahoga County Prosecuting Attorney, and Karen Greene, Assistant Prosecuting Attorney, *for appellee*.

Cullen Sweeney, Cuyahoga County Public Defender, and Rick L. Ferrara, Assistant Public Defender, *for appellant*.

EILEEN A. GALLAGHER, J.:

{¶ 1} Defendant-appellant, Henry Hall, appeals his sentences on four counts of felonious assault. He contends that his indefinite sentences, imposed under the Reagan Tokes Law, violate his constitutional right to a trial by jury, the

separation-of-powers doctrine and due process. For the reasons that follow, we affirm.

{¶ 2} Under the Reagan Tokes Law, qualifying first- and second-degree felonies committed on or after March 22, 2019 are subject to the imposition of indefinite sentences. R.C. 2929.14(A), 2929.144. Trial courts imposing prison terms on "qualifying offenses" are required to impose a stated minimum prison term, as provided in R.C. 2929.14(A)(1)(a) or (2)(a), and an accompanying maximum prison term, as provided in R.C. 2929.144(B).

{¶ 3} On September 20, 2022, Hall pled guilty to three counts of felonious assault, in violation of R.C. 2903.11(A)(2), a second-degree felony, with a one-year firearm specification (Counts 3, 6 and 9); one count of felonious assault in violation of R.C. 2903.11(A)(2), a second-degree felony (Count 11) and one count of having weapons while under disability in violation of R.C. 2923.13(A)(2), a third-degree felony (Count 12). The counts related to offenses that occurred on or about June 7, 2022. Although the four felonious assault charges were "qualifying offenses" subject to the indefinite sentencing scheme set forth in R.C. 2929.14(A) and 2929.144, at sentencing, the trial court failed to impose indefinite sentences on those offenses. For each of the four qualifying second-degree felonies in Counts 3, 6, 9 and 11, the trial court imposed a definite prison term of five years on the underlying offense. The trial court imposed one-year sentences on the one-year firearm specifications in Counts 3, 6 and 9, to be served prior to and consecutive to the sentences on the underlying offenses and imposed a 36-month sentence on Count 12. The trial court

ordered that the one-year sentences on the firearm specifications be served consecutively and that the sentences on the underlying offenses and the sentence on Count 12 be served concurrently, resulting in an aggregate prison sentence of eight years. The trial court also imposed postrelease control.

{¶ 4} The state appealed, arguing that the trial court plainly erred when it did not impose indefinite sentences on the qualifying offenses pursuant to the Reagan Tokes Law. On appeal, this court reversed the sentences imposed on the underlying offenses in Counts 3, 6, 9 and 11 and remanded the case to the trial court for the limited purpose of imposing indefinite sentences on those offenses as required under the Reagan Tokes Law. *State v. Hall*, 8th Dist. Cuyahoga No. 112073, 2023-Ohio-2181, ¶ 8-9. This court otherwise affirmed Hall's convictions and sentences. *Id.*

{¶ 5} On November 6, 2023, the trial court resentenced Hall. As to the underlying offense in Count 3, the trial court imposed a minimum sentence of five years and a maximum sentence of 7.5 years, resulting in a total, aggregate prison sentence of eight to 10.5 years. With respect to Counts 6, 9 and 11, the trial court again sentenced Hall to five years each on the underlying offenses.[1]

{¶ 6} Hall appealed, raising the following assignment of error for review:

The trial court erred when it found S.B. 201 to be constitutional and imposed an indefinite sentence pursuant to S.B. 201.

---

[1] Although this court remanded the case with instructions that the trial court impose indefinite sentences on the underlying offenses in Counts 3, 6, 9 and 11, on remand, the trial court imposed an indefinite sentence only on the underlying offense in Count 3. Because no party has raised the issue, we do not further address it here.

**Law and Analysis**

{¶ 7} Hall argues that the trial court erred in sentencing him to an indefinite sentence under the Reagan Tokes Law. He contends that the Reagan Tokes Law violates his constitutional right to a trial by jury, the separation-of-powers doctrine and due process, and that this court's decision in *State v. Delvallie*, 2022-Ohio-470, 185 N.E.3d 536 (8th Dist.), was incorrectly decided. In *Delvallie*, this court, sitting en banc, held that the indefinite sentencing provisions of the Reagan Tokes Law did not violate the separation-of-powers doctrine, a defendant's right to a jury trial or due process of law. The Ohio Supreme Court rejected similar constitutional challenges to the Reagan Tokes Law's indefinite sentencing scheme in *State v. Hacker*, 173 Ohio St.3d 219, 2023-Ohio-2535, 229 N.E.3d 38. The Ohio Supreme Court thereafter affirmed this court's judgment in *Delvallie* on the authority of *Hacker*. *See In re Cases Held for State v. Hacker & State v. Simmons*, Slip Opinion No. 2023-Ohio-3863. Although *Hacker* was decided on July 26, 2023 — seven months before Hall filed his appellate brief — Hall makes no mention of *Hacker* in his brief. The arguments presented in this case do not present novel issues or theories challenging the constitutional validity of any aspect of the Reagan Tokes Law left unaddressed by the Ohio Supreme Court's decision in *Hacker*. Accordingly, pursuant to *Hacker*, we overrule Hall's assignment of error.

{¶ 8} Judgment affirmed.

It is ordered that appellee recover from appellant the costs herein taxed.

It is ordered that a special mandate issue out of this court directing the Cuyahoga County Court of Common Pleas to carry this judgment into execution.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

_____
EILEEN A. GALLAGHER, JUDGE

KATHLEEN ANN KEOUGH, A.J., and
LISA B. FORBES, J., CONCUR